UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JON S. ELLIOTT,

       Plaintiff,

      v.                                            Civil No. 09-969-HA

                                                   OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

HAGGERTY, District Judge:

      Plaintiff Jon S. Elliott seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED and REMANDED FOR FURTHER PROCEEDINGS.

1- OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform given his

3- OPINION AND ORDER

or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

**FACTS**

Plaintiff was fifty-seven years old at the alleged disability onset date and was sixty-one years old at the time of the ALJ's decision. Plaintiff has a college education and past relevant work experience as a construction worker.

Plaintiff protectively applied for DIB on May 26, 2006, alleging disability from impairments including: upper and lower extremity peripheral neuropathy, degenerative disc disease, and degenerative joint disease of his right knee. The applications were denied initially and upon reconsideration. The ALJ conducted a hearing on December 15, 2008, at which he heard testimony from plaintiff, who was represented by counsel.

On February 12, 2009, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

**SUMMARY OF ALJ'S FINDING**

At step one, the ALJ found that plaintiff had not engaged in SGA during the period between his alleged disability onset date and his date last insured, September 30, 2004. Tr. 18, Finding 2.[1]

At step two, the ALJ found that plaintiff suffers from the medically determinable severe

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- OPINION AND ORDER

impairment of peripheral neuropathy. Tr. 19, Finding 3. The ALJ noted that plaintiff had not been diagnosed or sought treatment for his back and knee pain until after his last date insured, and so he did not find these impairments severe. Tr. 19.

At step three, the ALJ found that plaintiff's impairment did not meet or equal the requirements of any listed impairment. Tr. 19, Finding 4.

The ALJ determined that plaintiff has the RFC to "lift and/or carry fifty pounds occasionally and twenty pounds frequently," and was able to "stand and/or walk for six hours in an eight hour workday and sit for six hours in an eight hour workday." Tr. 19, Finding 5. Due to plaintiff's reports of transitory symptoms prior to the date last insured, the ALJ found that plaintiff is limited to medium level work. Tr. 20.

At step four, the ALJ found that plaintiff is able to perform his past relevant work as a construction worker. Tr. 21, Finding 6.

The ALJ also continued to step five and alternatively found that a significant number of jobs exist in the national economy that plaintiff could perform. Tr. 21, Finding 10.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits due to a number of alleged errors including: (1) failing to use a medical expert to determine the onset of disability; (2) failing to develop the lay witness testimony for the relevant period; (3) failing to develop the record regarding plaintiff's degenerative disc disease and knee joint disease; (4) improperly rejecting medical opinion testimony; (5) improperly finding plaintiff's RFC; (6) improperly classifying plaintiff's past relevant work; and (7) failing to fully and fairly develop the record.

**1.    Onset of Disability**

6- OPINION AND ORDER

Plaintiff contends that the question of disability onset should have been put to a medical expert, and that it was legal error for the ALJ not to call upon the services of such an expert. This court agrees.

The Ninth Circuit determined that under SSR 83-20, an ALJ should consult with a medical advisor when a disability onset date must be inferred. *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589-590 (9th Cir. 1998). The court reasoned that the ALJ "should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made." *Id.* (citing SSR 83-20); *see also Morgan v. Sullivan*, 945 F.2d 1079, 1082-83 (9th Cir. 1991). To trigger the procedures required in SSR 83-20, the ALJ must make either an explicit finding of disability or the record must contain substantial evidence showing that the claimant was disabled at some point after the date last insured. *Sam v. Astrue*, 550 F.3d 808, 811 (9th Cir. 2008).

Here, substantial medical evidence establishes that plaintiff was disabled by his peripheral neuropathy in 2006. Tr. 243, 273. Even though plaintiff was not formally diagnosed until 2006, plaintiff's complaints of lower extremity numbness and tingling began in 2000. Tr. 219-21. Plaintiff's records also show that he complained of severe pain from his neuropathy in 2005. Tr. 243. This evidence raised the question of onset date and triggered the ALJ's duties under SSR 83-20. Based on the medical evidence, the ALJ should have consulted a medical expert to establish the disability onset date.

\\\

Defendant contends that because the ALJ determined that plaintiff was not disabled and could return to work, he was not required to consult with a medical expert to determine a

7- OPINION AND ORDER

disability onset date. Defendant is incorrect. Substantial evidence demonstrated that plaintiff is now disabled, and the ALJ inferred that the onset date was after plaintiff's date last insured. Without the aid of a medical expert, this inference is suspect.

**2.    Development of Lay Testimony**

Plaintiff asserts that the ALJ improperly rejected and failed to develop the lay witness testimony presented by plaintiff's father, John G. Elliott. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id*. at 512.

In this case, the ALJ did not consider the lay witness statement because "it does not discuss the claimant's limitations during the time period in question." Tr. 20. Because plaintiff must prove his disability prior to the expiration of his insured status, *Armstrong*, 160 F.3d at 590, the ALJ's decision to focus on the relevant time period is a germane reason for dismissing the lay witness testimony.

Although plaintiff argues that the ALJ's duty to develop the record required him to contact Mr. Elliott for further testimony, this is not supported by the case law presented in plaintiff's briefing. Nevertheless, upon remand to determine the onset date of plaintiff's disability, Mr. Elliott may testify. If Mr. Elliott chooses to testify, his testimony regarding his observations of plaintiff should focus on the period between plaintiff's onset date and the expiration of plaintiff's insured status.

**3.    Plaintiff's testimony**

8- OPINION AND ORDER

Plaintiff asserts that the ALJ improperly rejected his complaints of disability due to his back and knee pain.  The ALJ determined that plaintiff's complaints of back and knee pain were non-severe impairments under the Act because plaintiff did not seek treatment for either of these impairments until after his date last insured.  Tr. 19.

The ALJ also rejected plaintiff's complaints of disabling neuropathy during the period in question.  Tr. 19-20.  Because this case is remanded, the ALJ will have another opportunity to assess plaintiff's subjective complaints as to this impairment.

An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).  Instead, a two-step analysis applies at the administrative level when considering a claimant's subjective credibility.  At step one, "the claimant 'must produce objective medical evidence of an underlying impairment' or impairments that could reasonably be expected to produce some degree of symptom," and "if the claimant meets this threshold and there is no affirmative evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'"  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281-84 (9th Cir. 1996)); s*ee also* SSR 96-7p ("[ALJ's decision] must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight.").

The ALJ may consider many factors in weighing a claimant's credibility, including ordinary techniques of credibility evaluation (such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid) and inadequately explained failures to seek treatment or to follow a

9- OPINION AND ORDER

prescribed course of treatment. *Smolen*, 80 F.3d at 1284. An ALJ may properly disregard subjective complaints where the claimant left work because he was laid off, rather than because of pain, and failed to seek treatment for many months. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

A claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F.R.§§ 404.1529(c)(2); 416.929(c)(2). However, if the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing." *Thomas*, 278 F.3d at 959.

In this case, no substantive evidence of malingering was presented. The ALJ instead relied upon plaintiff's reports of only transitory symptoms, failure to seek treatment before the date last insured, and significant work history after the alleged onset date. Substantial evidence supports the ALJ's determination.

Plaintiff asserts that he failed to seek treatment before 2006 because he could not afford treatment and had no insurance. Pl.'s Br. at 14; Tr. 199. Defendant responds that plaintiff never testified that he lacked medical insurance during the relevant period, but rather informed the ALJ that he lost his insurance one month before the hearing. Def.'s Br. at 11; Tr. 58-59.

A claimant's inability to afford medical treatment or insurance is not a basis for finding the claimant not disabled. *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995). In this case, however, the record fails to confirm that plaintiff could not afford treatment or insurance for his knee or back pain. Rather, the medical records demonstrate that plaintiff sought treatment in 2004 for other ailments and had private insurance. Tr. 217, 227-30.

Plaintiff's first documented complaints of any back or knee pain were on March 7, 2006. Tr. 244. At that time, plaintiff's right knee was "essentially asymptomatic" and his pain

10- OPINION AND ORDER

complaints about his knee and back did not seem to be "significantly bothersome to him." *Id.* Although plaintiff appeared to suffer from severe pain in his back and knees, these complaints did not begin until 2006—over a year after his date last insured. Tr. 240-64. Plaintiff's pain complaints regarding his back and knee were properly rejected.

### 4.     Medical opinion testimony

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted).

Although a treating physician's opinion "is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). An ALJ need not accept a treating physician's opinion that is conclusory or brief. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Similarly, an ALJ may discredit the opinions of a treating physician that are unsupported by objective medical findings. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Here, the ALJ discredited the evidence submitted by plaintiff's doctors, Dr. Frank C. Barich and Dr. Daniel Friedman, because they did not examine plaintiff until after his date last insured. Tr. 20. Plaintiff contends that the rejection of Dr. Barich's testimony was legal error.

11- OPINION AND ORDER

This court agrees.

Even if a medical diagnosis occurred after the relevant time period, such evidence should be considered by the ALJ "because it may bear upon the severity of the claimant's condition before the expiration of his insured status." *Greger v. Barnhart*, 464 F.3d 968, 976 (9th Cir. 2006) (quoting *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000)). Reports containing observations made after the period for disability remain relevant in assessing a claimant's disability. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).

The ALJ failed to give clear and convincing reasons for rejecting plaintiff's treating physician's opinion regarding the severity and onset of plaintiff's neuropathy. Dr. Barich opined that plaintiff could only walk one city block without rest or severe pain, could sit or stand for less than two hours in an eight hour workday, and could rarely carry fifty pounds. Tr. 277-78. The state agency medical consultant's opinion, of which the ALJ gave "significant weight," also stated that plaintiff could only walk two hours in an eight hour day. Tr. 273. These opinions contradict plaintiff's RFC as determined by the ALJ.

Plaintiff's remaining arguments need not be addressed. They should be sufficiently redressed following remand for a determination of plaintiff's disability onset date.

## 5.     Remand

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

12- OPINION AND ORDER

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Pursuant to this remand, the ALJ shall develop the record in consultation with a medical expert to infer a disability onset date. After the disability onset is determined, the ALJ shall develop the record with respect to the lay opinion testimony of John G. Elliott, the medical opinion of Dr. Barich, and the formulation of plaintiff's RFC.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Jon S. Elliott's application for disability benefits must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this ruling and the parameters provided herein.

IT IS SO ORDERED.

DATED this  20   day of September, 2010.

                                                      /s/  Ancer L. Haggerty
                                                        Ancer L. Haggerty
                                                United States District Judge